UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEL MARIN,<br><br>                              Plaintiff,<br><br>v.<br><br>GEETHA RAJARAM, et al.,<br><br>                              Defendants. | Case No.:  24cv1651-JAH-BJC<br><br>**ORDER:**<br><br>**1. GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, (ECF No. 2);**<br><br>**2. DISMISSING COMPLAINT IN PART WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii), (ECF No. 1).** |

## <u>INTRODUCTION</u>

On September 13, 2024, Mel Marin ("Plaintiff"), proceeding *pro se*, filed the instant Complaint ("Compl.") against Geetha Rajaram, Dean Orr, Myke McMullen, Uduak Joentuk, Vivan Malauulu, Sunny Zia, Herlinda Chico, Virginia Baxter, and The Long Beach City College ("LBCC") (collectively, "Defendants") alleging violations of his rights under the Rehabilitation Act ("RA"), the Americans With Disabilities Act ("ADA"), the First Amendment, and the Fourteenth Amendment.  ECF No. 1.  Plaintiff also filed a motion for leave to proceed *in forma pauperis* ("IFP").  ECF No. 2.  After a careful review of the pleadings, and for the reasons set forth below, this Court (1) **GRANTS** Plaintiff's motion

for leave to proceed IFP, and (2) **DISMISSES** the Complaint in part with leave to amend as described herein.

**DISCUSSION**

**I.    Plaintiff's IFP Motion**

This Court assesses a filing fee of $405 for all parties commencing a civil action, apart from an application for writ of habeas corpus.[1]  *See generally* 28 U.S.C. § 1914(a). The filing fee may be waived, and the instant action may proceed only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes,* 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  Courts grant leave to proceed IFP when plaintiffs submit an affidavit including a statement of all of their assets and income, affirmatively demonstrating an inability to pay the statutory filing fee.  *See* 28 U.S.C. § 1915(a).

On September 13, 2024, Plaintiff reported financial information under penalty of perjury in support of his motion to proceed IFP.  *See generally* ECF No. 2.  Plaintiff reports assets totaling $340.[2]  Plaintiff's monthly income totals $1,180[3], and monthly expenses total $1,645.  *Id.*  Based on Plaintiff's financial disclosures, this Court finds that Plaintiff is unable to pay the filing fee.  Accordingly, this Court **GRANTS** Plaintiff's motion for leave to proceed IFP.

///

///

---

[1] The $405 total fee includes a $350 statutory fee, as well as a $55 administrative fee, which does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)).
[2]  Reported assets include: (1) two vehicles, worth $100 each; (2) cash balance of $10 in a checking account; (3) cash balance of $30 in a savings account; and (4) "other assets" totaling $100. *See* ECF No. 2.
[3]  Plaintiff is a disabled veteran of the United States Armed Forces and receives a retirement stipend of $780 per month and a disability stipend of $400 per month, which accounts for the entirety of his monthly income. ECF No. 2.

## II.    *Sua Sponte* Screening Pursuant To 28 U.S.C. § 1915(e)(2)(B)(ii)

When a plaintiff seeks leave to proceed IFP under 28 U.S.C. § 1915(a), this Court must review the allegations to determine whether the complaint is "frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.") (citations omitted).

Here, Plaintiff brings two separate causes of action regarding the alleged denial of disability accommodations by Defendants.    The first claim concerns violations of Section 504 of the RA and violations of Title II of the ADA against Defendant LBCC (hereinafter, "Claim 1"). *See* Compl. at 17.  The second claim concerns violations of Plaintiff's First and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 ("Section 1983") against Defendants Rajaram, Orr, McMullen, Joentuk, Malauulu, Zia, Chico, and Baxter (collectively, "Individual Defendants") in their personal capacity (hereinafter, "Claim 2"). Compl. ¶¶ 4, 102.

### A.    Eleventh Amendment Immunity

"The Eleventh Amendment largely shields States from suit in federal court without their consent, leaving parties with claims against a State to present them, if the State permits, in the State's own tribunals." *Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30, 39 (1994)).  "This immunity extends not just to suits in which the state itself is a named party but also to those against organizations considered to be an 'arm of the [s]tate.'" *Kohn v. State Bar of Cal.*, 87 F.4th 1021, 1026 (9th Cir. 2023) (citations omitted).

///
///
///
///
///

24cv1651-JAH-BJC

### i.    Claim 1 Against Defendant LBCC

Even if LBCC is an "arm of the state" and entitled to Eleventh Amendment immunity[4],   the Ninth Circuit has held that Congress validly abrogated immunity with regards to Title II of the ADA. *Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1185 (9th Cir. 2003).  Furthermore, the Court held that not only did Congress validly abrogate immunity with regards to Section 504 of the RA, but also that "states, by accepting federal funds, waived any Eleventh Amendment immunity they might have possessed." *Id.* at 1186.

Therefore, Claim 1 against Defendant LBCC is not barred by Eleventh Amendment immunity.

### ii.    Claim 2 Against Individual Defendants

Eleventh Amendment immunity bars recovery of damages from officers sued in their official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985).  Plaintiff brings the instant action alleging violations of his First and Fourteenth Amendment Rights pursuant to Section 1983 against the remaining individual defendants in their personal capacities. Compl. ¶ 4.  "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Graham*, 473 U.S. at 165.  As a result, a victory in a personal-capacity suit is a victory against the individual, not the entity that employs him. *Id.* at 167-68.

Because Plaintiff asserts violations of constitutionally protected rights under Section 1983 against Individual Defendants in their personal capacity, this Court finds that Claim 2 against Individual Defendants are similarly not barred by Eleventh Amendment immunity.

///

///

---

[4] *See Johnson v. Rancho Santiago Community College Dist.*, 623 F.3d 1011, 1021 n.4 (9th Cir. 2010) ("California community college districts constitute arms of the state entitled to sovereign immunity under the Eleventh Amendment.").

**B.    Sufficiency Of The Allegations**

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citations omitted).

Dismissal, stemming from a failure to state a claim, is justified under Rule 12(b)(6) where the complaint lacks either a cognizable legal theory altogether, or if it is lacking in essential facts sufficient to support a cognizable legal theory. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984) (citing 2A J. Moore, Moore's Federal Practice ¶ 12.08 at 2271 (2d Ed. 1982)).  While a plaintiff need not plead "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

For a complaint to survive a dismissal stemming from a Rule 12(b)(6) screening, the complaint must contain a "short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  To demonstrate that a complaint is facially plausible, a plaintiff need not present detailed factual allegations, but simple "recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice. *Id.*  (citing *Twombly*, 550 U.S. at 555).  If a court determines that a complaint fails to state a claim, the court should grant the litigant leave to amend, unless the court finds that the pleading could not be cured with additional facts. *See Doe v. United States*, 58 F.3d 494 (9th Cir. 1995).

i.    Claim 1 Against Defendant LBCC

Plaintiff alleges that Defendant LBCC violated provisions of both Section 504 of the RA and Title II of the ADA  To make out a prima facie case under either the ADA or the RA Plaintiff must allege facts demonstrating that:  (1) he is a "qualified individual with a disability;" (2) he was "otherwise qualified" to remain a student at the school by meeting

essential eligibility requirements; (3) he was either barred from participation in or denied the benefits of the school's services, programs, or activities, or was otherwise discriminated against by the school; and (4) such exclusion, denial of benefits, or discrimination was the result of his disability. *Payan v. Los Angeles Cmty. Coll. Dist.*, 11 F.4th 729, 737 (9th Cir. 2021); *see Zukle v. Regents of the Univ. of Cal.*, 166 F.3d 1041, 1045 (9th Cir. 1999). Additionally, the ADA requires LBCC be a public entity and LBCC must accept federal funding to be under the purview of the RA. *Zukle*, 166 F.3d at 1045.

Because Plaintiff alleges individualized, rather than systemic injuries, the allegations must be viewed in the context of a failure to accommodate on the part of Defendant LBCC. *Payan*, 11 F.4th at 740. A failure to accommodate claim requires allegations showing that a reasonable accommodation existed. *Zukle*, 166 F.3d at 1046-47. Furthermore, a school may be held vicariously liable for violations of both Section 504 of the RA and Title II of the ADA, committed by acts of its employees, through the doctrine of *respondeat superior*. *Bonner v. Lewis*, 857 F.2d 559, 567 (9th Cir. 1988) (allowing for the doctrine of *respondeat superior* in Section 504 claims.); *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1141 (9th Cir. 2001) (allowing for the doctrine of *respondeat superior* in Title II claims).

First, Plaintiff contends that he is a disabled individual under the statutory definition. Under both the ADA and RA, the term "disability" means that an individual: (1) has a mental or physical impairment that substantially limits at least one major life activity, and (2) has a record of such impairment or is regarded as having such an impairment. 42 U.S.C. §§ 12102(1)(a)-(b). Plaintiff suffers from documented vision injuries stemming from his time in military service that limits his ability to see, hear, stand, walk, sleep, read, and learn. Compl. ¶ 12; *see* ECF No. 2 at 2 (stating that Plaintiff receives $400 per month in the form of a disability pension). Thus, Plaintiff has adequately alleged that he is a qualified disabled individual under the statutory definition.

Second, Plaintiff contends that he was "otherwise qualified" to remain a student at LBCC based on his performance in previous courses that he was able to complete with accommodations. Compl. ¶ 15. A plaintiff may show he is "otherwise qualified" through

factual allegations that suggest that a reasonable accommodation would enable him to meet the school's eligibility requirements. *See Zukle*, 166 F.3d at 1047. Here, Plaintiff alleges that he received a 4.0 ("A" average) in classes where he received his requested additional time and magnifying glass accommodations, which suggests that he previously met eligibility requirements imposed by the school. Compl. ¶¶ 15, 16. Accordingly, Plaintiff adequately alleges that he was "otherwise qualified" to remain a student at LBCC.

Third, upon review of the allegations, Plaintiff asserts Defendant LBCC denied services and otherwise discriminated against him in multiple ways. Defendant LBCC "refused to order its teachers to give the accommodations that their [sic] own Disabled Students Programs and Services ("DSPS") office authorized," Compl. ¶ 87, for what Plaintiff alleges was "for no other reason than administrative convenience." Compl. ¶ 93. Plaintiff also alleges that Defendant LBCC further discriminated against him by "block[ing] plaintiff's request for emergency funding and for federal Coronavirus Aid, Relief, and Economic Security ("CARES") grant funding for which that college had already determined in the spring that [Plaintiff] was already qualified," Compl. ¶¶ 51, 92. Regarding Defendant Rajaram, an employee of Defendant LBCC, Plaintiff alleges that she refused to honor the time extension accommodation that was provided to Plaintiff by DSPS on April 19, 2022, Compl. ¶ 19, that she refused to grant an accommodation exempting Plaintiff from the use of computer drawn graph paper, Compl. ¶ 35, and that she "punished [Plaintiff] for complaining by imposing failing grades for missing deadlines while the DSPS was reviewing what other accommodation to allow." Compl. ¶ 38. Plaintiff contends that Defendant LBCC's direct liability stems from what he calls a "formal decision to acquiesce in the refusal of the teachers," Compl. ¶ 69, as well as vicariously through its employee, Defendant Rajaram. *See* Compl. ¶ 48. Plaintiff alleges Defendant Rajaram denied services to Plaintiff by refusing to implement the DSPS accommodations, Compl. ¶¶ 19, 50, and Defendant LBCC denied services and otherwise discriminated against Plaintiff by both: (1) refusing to enforce such accommodations, Compl. ¶ 50, and (2) withholding previously granted federal funding in response to Plaintiff's complaints.

Compl. ¶ 51.  In reviewing Plaintiff's allegations under the framework of a failure to accommodate, this Court looks to whether a reasonable accommodation existed and whether such accommodation was denied.  *Zukle*, 166 F.3d at 1046-47.  Plaintiff alleges that he has previously received extra-time accommodations from Defendant LBCC, Compl. ¶ 15, and that he sought and was subsequently granted an extra-time accommodation by DSPS on June 13, 2022, suggesting that the accommodation was reasonable.  Compl. ¶ 11.  He asserts that Defendant LBCC and Defendant Rajaram subsequently denied the approved extra-time accommodation.  Compl. ¶¶ 19, 50. Accordingly, Plaintiff's allegations plausibly suggest that Defendant LBCC denied him services and otherwise discriminated against him as a result of his disability.

Lastly, Plaintiff asserts that Defendant LBCC "is a community college so is [sic] a public entity." Compl. ¶ 94.  The Ninth Circuit has previously concluded that community colleges run by the state are public entities. *see Payan*, 11 F.4th at 738.  Based upon Plaintiff's allegations regarding his prior receipt of CARES Act funds, the Court infers Defendant LBCC received some amount of federal funds based upon Plaintiff's status as a student. *See* Compl. ¶ 51. Accordingly, Defendant LBCC is subject to the provisions of Section 504 of the RA. These allegations sufficiently allege a prima facie case against Defendant LBCC.

### ii.    Claim 2 Against Individual Defendants

Plaintiff contends that the Individual Defendants violated his First and Fourteenth Amendment rights pursuant to Section 1983 while acting under color of state law. Compl. ¶ 4.  Plaintiff asserts the Individual Defendants retaliated against him in response to his repeated complaints to the college.  Compl. ¶ 51.  Plaintiff additionally asserts the Individual Defendants violated his Fourteenth Amendment rights by denying him due process while he was engaged in activities protected by the First Amendment.  Compl. ¶ 114.

To properly allege the Individual Defendants violated Plaintiff's constitutional rights under Section 1983, Plaintiff must set forth allegations showing:  "(1) that a right secured

by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under the color of State Law." *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

To sufficiently state a claim for retaliation, a plaintiff must plausibly allege "that (1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendant's conduct." *Pinard v. Clatskanie Sch. Dist. 6J*, 467 F.3d 755, 770 (9th Cir. 2006).

First, Plaintiff contends that he engaged in a series of protected activities. Plaintiff alleges he asked Defendant Rajaram for (1) multiple deadline extensions as necessary to prepare and make submissions in the class, Compl. ¶¶ 15, 24; (2) a grade of "incomplete" to allow for additional time to complete his assignments in the following semester, Compl ¶ 25; and (3) a waiver of work requiring the students to "create and use computer drawn graph paper to answer submissions question[s]." Compl. ¶ 35. On July 6, 2020, Plaintiff additionally sent notice to Defendants Orr and McMullen informing them "that the teacher was violating federal disabilities law." Compl. ¶ 48. He alleges he sent similar notices to all individual defendants, at a later time, reiterating that his teacher refused to provide him his disability accommodations. Compl. ¶ 64.

Second, Plaintiff alleges that Defendant Rajaram retaliated against him by: (1) imposing a grade of "F" for assignments missed "while DSPS was reviewing what other accommodation to allow," Compl. ¶ 38; and (2) threatening to drop him during this same review period. Compl. ¶ 43. Plaintiff alleges that Defendants McMullen, Orr, Joentuk, Malauulu, Zia, Chico, and Baxter (collectively, "President and Trustees") retaliated against him by: (1) "block[ing] plaintiff's request for emergency funding and for federal CARES grant funding for which that college had already determined in the spring that [Plaintiff] was already qualified," Compl. ¶ 51; and (2) refusing to compel teachers to change his "F" grades through "a formal decision to acquiesce in the refusals of the teachers to provide

the accommodation [Plaintiff] required, and to let the F grades stick, to hurt [Plaintiff] as punishment for merely seeking help."  Compl. ¶ 69.

Third, Plaintiff alleges that his failing grade and the subsequent threat to drop him from the class were a direct response to his request for deadline extensions to Defendant Rajaram, Compl. ¶¶ 28, 43, and that the school's denial of CARES Act funding and failure to compel changes to his grades were in response to his demand to Defendants President and Trustees.  Compl. ¶¶  53-54.

This Court finds that Plaintiff plausibly pleads that:  (1) he engaged in constitutionally protected speech when he asserted his rights to the faculty and administration; (2) actions taken by the Individual Defendants, such as threatening to drop a student from a class or withholding previously granted federal funding, would chill a person of ordinary firmness from continuing to engage in such speech; and (3) adverse actions on the part of the Individual Defendants could plausibly be the result of Plaintiff's assertion of his rights.

Plaintiff's Fourteenth Amendment claim against the Individual Defendants alleges a deprivation of his due process right to liberty, and that the specific liberty deprived was "attending college without retaliation."  Compl. ¶ 115; *see* U.S. Const. amend. XIV, § 1 ("…nor shall any State deprive any person of life, liberty, or property, without due process of law…").  To show that the Individual Defendants violated the Fourteenth Amendment under Section 1983, Plaintiff must allege the following three elements: "(1) a liberty or property interest protected by the constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process."  *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).  Adequate process is defined, at its core, by an opportunity to be heard "at a meaningful time and in a meaningful manner."  *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965).  In the context of education, action taken by the school under adequate process need not take the form of a formal hearing, but rather, must be "careful and deliberate."  *See Bd. of Curators of Univ. of Missouri v. Horowitz*, 435 U.S. 78, 85 (1978) (holding that notice to the student of the faculty's dissatisfaction, and the eventual dismissal of the

student by a careful and deliberate decision was adequate process under the Fourteenth Amendment).  Substantial deference must be afforded to academic decisions made by faculty and staff, and this Court must not override it unless it is a "substantial departure from accepted academic norms as to demonstrate that the person [or committee] did not actually exercise professional judgment." *Zukle*, 166 F.3d at 1047 (quoting *Regents of the Univ. of Michigan v. Ewing*, 474 U.S. 214, 225 (1985)).

Plaintiff's asserted "liberty" right in question here is the right to attend college. Compl. ¶ 115. In determining whether the right to attend college is protected under the Fourteenth Amendment, the Supreme Court has stated that the right must either stem from the first eight amendments or be "deeply rooted in [our] history and tradition" and "essential to our Nation's scheme of ordered liberty." *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215, 237 (2022). While the first eight amendments are silent on the issue of an individual's right to a college education, a general right to education may, in some cases, be considered to be a property right, and thus, may not be taken away without due process. *Goss v. Lopez*, 419 U.S. 565, 574 (1975). However, *Goss* is distinguished from the instant action in two critical ways: (1) the students in question were public high school students, and (2) the right to a public education at the high school level was specifically enshrined in state law. *Id.* at 567 (referencing Ohio Rev. Code Ann. § 3313.64 (1972)).  Even if this Court assumed that the right to post high school education is similarly protected in the State of California, there are no factual allegations here that suggest Plaintiff was deprived of his right to a public education.  At no point does Plaintiff allege that he was dismissed from LBCC.   This Court finds Plaintiff fails to allege denial of a specific liberty or property right protected by the Fourteenth Amendment.

Accordingly, this Court finds, that the First Amendment retaliation claim against all Individual Defendants is adequately pled and may proceed; and (2) that the Fourteenth Amendment claim against all Individual Defendants is legally insufficient and fails to state a claim upon which relief may be granted.

## **CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED**:

1.    Defendant's Motion for leave to proceed IFP pursuant to 28 U.S.C. § 1915(a), [ECF No. 2] is **GRANTED**.

2.    Plaintiff's claims for violations of the Rehabilitation Act and the Americans with Disabilities Act against Long Beach City College, and claim for First Amendment violations pursuant to 42 U.S.C. § 1983 against all Individual Defendants survive this Court's initial screening.

3.    Plaintiff's claim for Fourteenth Amendment violations pursuant to 42 U.S.C. § 1983 against Individual Defendants is **DISMISSED without prejudice.**

4.    This Court **GRANTS** Plaintiff forty-five (45) days from the date of this Order to file an Amended Complaint which cures all the deficiencies described herein. Plaintiff's Amended Complaint must be complete in itself without reference to the original pleading.   Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived.  *See* CivLR 15.; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original.").

5.    In the event Plaintiff elects to only proceed with his Rehabilitation Act, Americans with Disabilities Act, and First Amendment claims or fails to elect either option by the date such election is due, the Court will issue an Order dismissing all claims (and defendants) that have failed to survive *sua sponte* review and direct the U.S. Marshals to effect service of this Complaint.

**IT IS SO ORDERED.**

DATED: December 10, 2024

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE